UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BRIAN FRANCE,<br>    Plaintiff,<br><br>v.<br><br>DR. EK, et al.,<br>    Defendants. | )<br>)<br>)<br>)<br>) Case No. 2:25-cv-2008-SEM-DJQ<br>)<br>)<br>) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Brian France has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983, which is now before the Court for screening. The Court holds that Plaintiff may proceed on a deliberate indifference claim against Defendant Ek.

### I. Screening Standard

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing

them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

At all times relevant to his Complaint, Plaintiff was an inmate within the Illinois Department of Corrections ("IDOC") at Danville Correctional Center. Plaintiff's Complaint names as Defendants Dr. Ek, Danville Correctional Center, IDOC, the State of Illinois, Wexford Health Sources, Inc. ("Wexford"), and Bantry (whom Plaintiff identifies as Wexford's "owner").

Plaintiff alleges that, on or around August 2024, he was in segregation for 28 days without any bandage changes or medical care. His medical permits (e.g., lay-in permit and special boot permit) were revoked, and he was taken off medications for his diabetes and high blood pressure, even though he is blind, has high blood sugar, suffers from neuropathy and deafness, and has undergone amputations.

## III. Analysis

In order to state an Eighth Amendment claim of deliberate indifference to a serious medical need, a complaint must adequately allege that (1) the plaintiff had an objectively serious medical need, and (2) the defendant was deliberately indifferent to that need. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

Plaintiff has adequately alleged that he suffered from serious medical conditions in the form of diabetes and high blood pressure, as well as blindness, deafness, neuropathy, and a history of amputations. *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017) ("Objectively serious medical needs are those that have either been diagnosed by a physician and demand treatment, or are 'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'").

Plaintiff has also adequately alleged that Defendant Ek was deliberately indifferent to those needs because, as the doctor at Danville Correctional Center, he discontinued Plaintiff's medical permits and prescription medications for his diabetes and blood pressure. Therefore, Plaintiff may proceed with an Eighth Amendment claim against Defendant Ek.

Plaintiff may not, however, proceed on any claims against Danville Correctional Center, IDOC, the State of Illinois, or Wexford and Bantry.

"Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). Therefore, a building, such as a jail or correctional facility, cannot be sued under § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. Jan. 29, 2018). Danville Correctional Center must, therefore, be dismissed as a Defendant.

Likewise, "[s]ection 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Thus, liability cannot attach based only upon a supervisory or employment relationship. *See Monell v. Department of Social Services*, 436 U.S. 658, 663 n.7 (1978); *Smith v. Gomez*, 550 F.3d 613, 616 (7th Cir. 2008). Instead, government entities or corporations acting under color of state law can be held liable under

section 1983 only if their own policy or custom has caused a constitutional violation. *Shields v. Illinois Department*, 746 F.3d 782, 790 (7th Cir. 2014), *citing Monell*, 436 U.S. at 694.

Plaintiff has not alleged that any official policy or custom of the State of Illinois, IDOC, Wexford, or Bantry caused his injuries in this case. Therefore, these Defendants must also be dismissed.

**IT IS THEREFORE ORDERED:**

1) **According to the Court's Merit Review of Plaintiff's Complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment claim for deliberate indifference to as serious medical claim against Defendant Ek. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15. The Clerk is therefore directed to DISMISS Wexford Health Sources, Inc., Bantry, Danville Correctional Center, the Illinois Department of Corrections, and the State of Illinois as Defendants.**

2) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions, to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.**

3) **The Court will attempt service on Defendant by mailing waivers of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the**

status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth a Defendant's positions. The Court does not rule on the merits of those positions unless and until a Defendant files a motion. Therefore, no response to an Answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defendant's counsel has filed an appearance, counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendant's counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel have filed an appearance, and the Court has entered a

    scheduling order, which will explain the discovery process in more detail.

7)   Defendant's counsel is granted leave to depose Plaintiff. Defendant's counsel shall arrange the time for the deposition.

8)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.

9)   If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).

10)   The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

11)   The Court directs the Clerk to attempt service on Defendant under the standard procedures.

ENTERED May 20, 2025.

                        s/ *Sue E. Myerscough*

                        SUE E. MYERSCOUGH
                UNITED STATES DISTRICT JUDGE